### COCHRAN et al. v. UNITED STATES, and three other cases.

Circuit Court of Appeals. Eighth Circuit. August 22, 1929.

Nos. 8673, 8674, 8678, and 8691.

Charles N. Dohs, of St. Paul, Minn., for appellants Cochran and Ritter.

Paul Thompson and Einar Hoidale, both of Minneapolis, Minn., for appellant Nelson.

John J. Keefe and T. D. Sheehan, both of St. Paul, Minn., for appellants Naegele, Rocheford, Tobias, Kinderwater, Shiblin, and Meyer.

Lafayette French, Jr., of Austin, Minn., for the United States.

Before BOOTH, Circuit Judge, and MOLYNEAUX, District Judge.

PER CURIAM. In the above-entitled cause a motion was filed on behalf of the ap-

pellants, and each of them, to reverse the judgments appealed from in said appeals, and to remand the cause for a new trial of said action; or, if this be denied, then for an order staying all proceedings in said appeals, including the printing of the record, until such time as the government shall produce, or there shall be found and certified to this court, that certain government exhibit used upon the trial of said action, designated as Government's Exhibit 40; said exhibit having been lost after it had been introduced in evidence on the trial of the action from which these appeals have been taken.

The alternative prayer for a stay need not be considered, because both parties admitted upon the hearing that the exhibit in question is irretrievably lost. The prayer for reversal and remand for a new trial remains to be considered.

That the loss of a portion of the record made in the trial court may entitle an appellant to a new trial by order of the appellate court, we do not doubt. Whether a new trial will be granted on that ground usually depends upon a variety of facts and circumstances, and it so depends in the case at bar. Was Government Exhibit 40 vital to the case of the government as a whole, or only to some particular phase thereof? Is there sufficient evidence in the record relative to the contents of Exhibit 40, so that those contents, so far as they were material to the case, can be substantially reproduced? Neither of these questions can be answered by us without a careful study of the whole record of the case. And the proper record to be studied cannot be known without an examination of those assignments of error which relate to the alleged erroneous introduction of items of evidence. It may also be possible that Exhibit 40 itself or some of the items of the evidence connected therewith were improperly received in evidence. We are advised that the record in the case consists of some 6,000 or 7,000 pages of typewritten matter. The assignments of error number 213.

By reason of the foregoing facts and circumstances, we feel that the present motion should more properly be made at the time of the final submission of the appeals upon the merits. At that time a careful consideration can be given to the record as an entirety. The voluminous record will then be in printed form; it will be analyzed by counsel in their briefs; and the court can then more readily determine the status of Government's Exhibit 40 and its relative importance in the case.

The motion is accordingly denied without prejudice.